RUFFNER, DONNALLY & CO. *v.* HEWITT, KERCHIVAL & CO. *et al.*

Decided April 19, 1879.

1879
Special Term.

Plaintiffs Ruffner, Donnally & Co., filed their bill against H. T. & T. and other companies, to compel said companies to settle their accounts as factors, agents and commission merchants with plaintiffs for certain salt placed in their hands by plaintiffs under their firm name of Ruffner, Donnally & Co., and sold by said defendants, or otherwise disposed of by them. The plaintiffs allege in their bill specifically by name the members of their said firm, and then allege, "that B. H. S., J. H. B., J. L. C., I. R., C. E. D., H. N., W. R. C., J. P., J. M. L., J. R. G., and J. C. R. *have each some interest in the assets* of the said Ruffner, Donnally & Co., *by purchase,* and that the interest of said Paul arises, as your orators are informed, out of estate of James W. Fry, deceased, of which said Paul is the personal representative, and as such is interested." The bill prayes that they be made defendants, but alleges no liability and asks no decree against them. H. T. & T. demurred to the bill, assigning among other causes, that S. B., &c., "who by the definition of the bill are partners of Ruffner, Donnally & Co., and are separated from their other partners, and are made defendants in a cause for a partnership claim, with opportunity and benefit of asserting the claim as complainants," &c. The demurrer was overruled. H. T. & T. then tendered certain pleas which were objected to by the plaintiffs and rejected, as shown by a decree, but are made no part of the record. H. T. & T. then answered the bill, and charged therein that B. H. S. was and is a member of R., D. & Co., and a necessary party to this suit; and one —— Brown was represented by T. R. to be a member of said

93

1879
Special Term.

Ruffner,
Donnally & Co.
v.
Hewitt, Kerchi-
val & Co. et al.

firm of R., D. & Co., and they, the defendants H. T. & T., charged that said Brown was a necessary party. HELD:

I. That as the plaintiffs by their bill show no cause of action against the defendants, Smith, Brown and the others named with them, or either of them, Humphrey, Tutt & Terry can have no decree in this suit over against said defendants; and the plaintiffs certainly have no right to ask it.

II. Neither the demurrer, nor the pleas if they had been received, nor the answer of Humphrey, Tutt & Terry as the law then stood, tendered an issue to the defendants, Smith, Brown, &c., as to their being co-partners of the plaintiffs in the firm of Ruffner, Donnally & Co. or liable to said plaintiffs, and therefore no decree could be rendered against them in this suit.

III. As the pleadings have not put in issue the question of partnership as to the defendants, Smith, Brown, &c., it is not necessary to consider the evidence of the existence of such partnership; the question not being properly before the court.

IV. It is the settled law of this Court, that a decree between co-defendants can only be based upon the pleadings and proofs between the complainants and defendants.

V. Where the equities between the defendants do not arise out of the pleadings and proofs between the plaintiffs and defendants, there can be no decree between co-defendants.

VI. It is not error to aggregate principal and interest to date of judgment, or decree, and allow interest on said aggregate from date of judgment, or decree, until paid. *Flemming* v. *Holt et al.*, 12 W. Va. 143.

VII. Under section 2, chapter 127, Code p. 610, it was not error for the court to abate the suit as to the deceased parties.

Appeal from a decree of the circuit court of Kanawha county, rendered on the 21st day of November, 1870, in a cause in said court then pending, wherein Ruffner, Donnally & Co. were plaintiffs, and Hewitt, Kerchival & Co. and others were defendants, allowed on the petition of said plaintiffs.

Hon. Joseph Smith, judge of the seventh judicial circuit, rendered the decree appealed from.

1879
Special Term.

Ruffner,
Donnally & Co.
v.
Hewitt, Kerchi-
val & Co. *et al.*

The facts of the case are fully stated in the opinion of the Court:

*S. A. Miller*, for appellants, cited the following authorities:

Story Partn. §§152, 153; Collyer 4th Am. ed., B. 3 ch. 3, §3, ¶520 *et seq.*; Story Eq. Pl. §167; Story Partn. §346, n. 1.

*C. Hedrick and E. B. Knight*, for appellees cited the following authorities:

3 Leigh 492, 522, 523; 6 Leigh 399.

*Benjamin H. Smith*, for appellees, Brown and others, cited the following:

Story Eq. Pl. §332, n. 2, 3; *Id.* §§886, 887, 890, n. 3, 891; Gow Partn. 5; Story Partn. §5 and notes; 14 Johns. 318; 16 Ohio 167; Story Partn. §§307-309, 311, 312 and notes; 11 Wall. 624; Story Partn. 261–264; *Id.* §101 and notes, 173; *Id.* 578; Gow Partn. 8–12; *Id.* 253; 254, 259; 3 Kent Comm. (1828.)

*James T. Brown*, for J. H. Brown appellee, cited the following:

2 Leigh 84; 21 Gratt. 652; 4 Johns 602; 3 Leigh 492, 522; 6 Johns. 564; 6 Call 190; 11 Gratt. 441; 21 Gratt. 35; 4 T. B. Mon. 375; 10 W. Va. 474; *Id.* 321, 342; 6 Rand. 764; 1 Black 491; 46 N. Y. 354; Big. Estopp. 503; 6 Johns. 564; 4 Munf. 273; 5 Rand. 543; 5 Munf. 314; 1 Rand. 249; 2 Rob. (Old) Prac. 287, 288; 7 W. Va. 587; 11 Wall. 628; 6 How. 142; 16 Ohio 167; 7 Pick. 235; 1 Hill 238; 2 How. 573; 14 Johns. 318; 17 Johns. 535; 3 Kent Comm. (7th ed.) s. p. 52, 59 and notes; Collyer Partn. §§8, 100 and notes, 194; *Id.* §121; 1 Myl. & K. 77; Story Partn. ch. 15; Story Agency §481; Collyer Partn. §541; Story Partn. §322; 1 Hill 572; 2 Gratt. 372; 1 Pet. 351, 370, 371; 3 Johns. 536; 4 Johns. 224; 13 Vt. 452; *Id.* 522; 24

N. Y. 470; 5 Ga. 166; 25 Ala. 474; 33 N. H. 351; 10 Mo. 636; 8 Bart. 570; 8 Md. 399; 4 Ohio (N. S.) 21; 1 Cart. (Ind.) 185; 3 Sneed 508; 16 B. Mon. 355; 41 Ala. 222; 54 N. Y. 536; 1 Pars. Cont. 194; 2 Johns. 300; 1 H.Black 155; 6 Cow. 701; 1 Hill 578; 6 Johns. 147; 3 Day 353; 7 Serg. & R. 503; 3 Otto 430; 5 Man. & G. 504, 520; Collyer Partn. §719; Story Partn. §241; Gow Partn. (3d ed.) 178; Cary Partn. 127.

MOORE, JUDGE, delivered the opinion of the Court:

This appeal is a sequel to the cause of Ruffner, Donnally & Co. *v.* Hewitt, Kerchival & Co. *et al.*, heard at a former term of this Court, and remanded to the circuit court of Kanawha county to be further proceeded with in accordance with certain principles decided in the opinion of the Court, and under certain instructions manifested by its mandate. That case is reported in 7 W. Va. 585.

The appeal now to be considered was granted by this Court at the January term, 1877, and is from the decree as rendered by said circuit court, November 21, 1876, as is shown by the order of this Court of January 16, 1877. This statement is made because the argument has, on the part of the appellees, indicated that the appeal was allowed only to a part of said decree; which was a reasonable inference when looking alone to the appellants' petition as printed.

This appeal is taken by John D. Lewis, Lewis Ruffner, Samuel A. Miller and John P. Hale, part of the plaintiffs named in the bill of complaint as co-partners in the firm of Ruffner, Donnally & Co.

The first ground of error insisted on by the appellants is: that the decree dismissed the suit as to defendants, Benjamin H. Smith, J. H. Brown, Isaac Reed, C. E. Doddridge, Harriet Noyes, James Paul, administrator of James W. Fry, deceased, James M. Laidley, John R. Garland and John Ruby, on the motion of said de-

fendants. The ground of error urged is, that these defendants, "although not original partners in the firm of Ruffner, Donnally & Co., had before the institution of this suit bought an interest in said firm, and had become and were members of said firm at the time of the institution of this suit," and that the decree ought to have been rendered against them as well as against the original partners.

It is the settled law of this Court, that a decree between co-defendants can only be based upon the pleadings and proofs between the complainant and defendant; and that where a case is made out between defendants, by evidence arising by pleadings and proofs between the complainant and defendants, a court of equity should render a decree between the co-defendants. *Vance* v. *Evans et al.*, 11 W. Va. 342.

Where the equities between the defendants do not arise out of the pleadings and proofs between the plaintiffs and defendants, there can be no decree between co-defendants. *Blair* v. *Thompson*, 11 Gratt. 441; *Glenn* v. *Clark*, 21 Gratt. 35.

The bill in this case was filed on the first Monday in April, 1859, in a suit in equity in the nature of a foreign attachment, against the firms of Hewitt, Roe & Co., Hewitt, Kerchival & Co., John J. Roe & Co., and Humphrey, Tutt & Terry, seeking a final settlement of accounts between the plaintiffs, designated in the bill, and the said defendant firms, and praying a decree for the amounts due from said firm defendants to said plaintiffs, and an attachment of the real and personal estate and *choses in action* of said firms, or of the members thereof, to be held subject to the decree of the court in the cause.

The bill avers "that Benjamin H. Smith, James H. Brown, James L. Carr, Isaac Reed, Cadwallader E. Doddridge, Harriet Noyes, William R. Cox, James Paul, James M. Laidley, John R. Garland and John C. Ruby, *have each some interest in the assets of the said* Ruffner, Donnally & Co., *by purchase, and that the interest of*

*1879
Special Term.*

*Ruffner,
Donnally & Co.
v.
Hewitt, Kerchival & Co. et al.*

Syllabus 4.

Syllabus 5.

1879
Special Term.

Ruffner,
Donnally & Co.
v.
Hewitt, Kerchival & Co. *et al.*

said *Paul, arises, as your orators are informed, out of estate of James W. Fry, deceased, of which said Paul is the personal representative, and as such is interested.*" They are therefore also made defendants to the bill, and as such required to answer it. No decree is asked for against them ; and the bill in no place avers that they were co-partners with the plaintiffs in the firm of Ruffner, Donnally & Co.

The bill avers that the plaintiffs, "Andrew F. Donnally, William Donnally, Lewis Fry Donnally, William D. Shrewsbury, Henry H. Wood, John D. Lewis, George H. Warth, John A. Warth, Job English, James H. Fry, Henry Chappell, Ira Hurt, Richard A. Hurt, William C. Brooks, at Nathaniel V. Wilson, Richard C. M. Lovell, William A. McMullen, Lewis Ruffner, James S. O. Brooks, Samuel A. Miller, John N. Clarkson, Enos S. Arnold, William J. Rand, Frederick Brooks, Nathaniel S. Brooks, Samuel H. Early, John P. Hale and Leonora C. Rogers, survivors of Franklin Noyes, deceased, Gustavus B. Quarrier, deceased, and Crockett Ingles, deceased, who together with the decedents aforesaid, entered into and formed a co-partnership in the year 1851 for the term of five years, begining with the 1st day of January, 1851, and terminating with the year 1855, for the purpose of buying and selling salt made in Kanawha county, Virginia, by the name and style of Ruffner, Donnally & Co."

The bill further charged, "that during the term of the partnership aforesaid *they did* purchase from the Kanawha salt makers a very large quantity of salt, and shipped the same to foreign markets, and placed it in the hands of commission-merchants, and, in some instances, in the hands of agents on salary for sale; that among other commission-merchants they shipped a considerable quantity to Hewitt, Kerchival & Co.," &c., &c., and then proceeded to set out their dealings with and claims against all the said firm defendants, but in nowise making any claim or alleging any liabil-

ity whatever against the other defendants, Smith, Brown, &c. So far as Smith, Brown, &c. were concerned, the bill showed nothing necessary for them to answer to, and they did not answer. Had the bill charged them as co-partners of the plaintiffs, then their failing to answer would have been equivalent to confessing the co-partnership; but as they were not charged as being co-partners, it would be a surprise to decree against them as such, even though the evidence might have shown them to be in fact such, because, as the bill tendered no such issue, they could not be expected to defend against it. The plaintiffs therefore having asserted no claim against the defendants, Smith, Brown, &c. I cannot consider that the court erred in so stating it in its decree, and in dismissing the suit as to them on the motion of said defendants.

Again, on the 22d day of June, 1859, Humphrey, Tutt & Terry, filed their separate demurrer to said bill, for misjoinder of parties, assigning among other causes of demurrer, that Smith, Brown, &c., "who by the definition of the bill are partners of Ruffner, Donnally & Co., and are separated from their other partners, and are made defendants in a cause for a partnership's claim, with opportunity and benefit of asserting the claim as complainants," &c. That demurrer was overruled by the court, June 25, 1859.

Upon the appeal taken in the cause, and decided by this Court, June term, 1874, Judge Haymond delivering the opinion of the Court, said: "No question has been made before this Court as to the correctness of the action of the circuit court in overruling the demurrers filed to the bill. None of the defendants in their arguments, made or filed in this Court, question that action; and I deem it was unnecessary, under the circumstances and view I take of the case, to consider further the action of the circuit court in relation to the demurrer."

If the plaintiffs had intended to frame the bill with the view of holding Smith, Brown, and the others named

with them, responsible in this suit as their co-partners in the firm of Ruffner, Donnally & Co., they might have had leave to amend their bill in that respect; but they joined in the demurrer, and after it was overruled they acquiesced in the ruling thus made against Humphrey, Tutt, & Terry, thus showing that their bill was as they wished it, and that it was not their intention to frame it with the view of holding Smith and Brown and the others in this suit as their co-partners.

But the counsel for the appellants claims that the "old record" shows that this question of co-partnership "was distinctly made by the present appellees, Humphrey, Tutt & Terry." He refers to a decree of the circuit court, August 18, 1859. That decree states, that Humphrey, Tutt & Terry tendered their pleas in writing to the complainants' bill, which were objected to by the complainants; the court held that "the objection made to the time of the filing of said pleas is not well taken, and doth overrule that objection; but the court is further of opinion and doth decide, "that as the parties named in said pleas, and who together with the complainants are alleged therein to be members of the said firm of Ruffner, Donnally & Co., to-wit: Benjamin H. Smith, James H. Brown, James L. Carr, Issac Reed, Cadwallader E. Doddrige, Harriet Noyes, William R. Cox, James M. Laidley, John R. Garland and John C. Ruby, have been made parties defendant to said suit, and in that capacity are hereby before the court; and no other parties being suggested or named as members of said firm, the court can decree hereafter in favor of the said defendants, Humphrey, Tutt & Terry, against their co-defendants, Benjamin H. Smith, James H. Brown, and the other parties named in said plea and alleged to be members of said firm of Ruffner, Donnally & Co., or either or any of them, if it shall be established by the proof hereafter to be taken, that said parties, or any or either of them, were at the time of the institution of this suit members of said firm; and that the court hav-

1879
Special Term.

Ruffner,
Donnally & Co.
v.
Hewitt, Kerchival & Co. et al.

ing all the parties interested before it, can adjudicate and determine every matter that can arise in this cause between the said defendants, Humphrey, Tutt & Terry, and the complainants, Ruffner, Donnally & Co., whether the firm be composed of the members as stated in the bill or alleged in the pleas; and that nothing can be accomplished by the said pleas which may not be done in the cause as it is now presented. It is therefore adjudged, ordered and decreed that the said pleas, and each of them, be overruled and held for naught."

The appellants' counsel argues, that "this decree decisively settles the question, that the said defendants, Brown, Smith and others, as defendants, were before the court for adjudication of the question as to their liability as partners to Humphrey, Tutt and Terry ; if so as to Humphrey, Tutt & Terry, surely so as to all other parties, the plaintiffs especially. The decree complained of does not decide this question.

The pleas are not found in the record, having been rejected, and no steps having been made to preserve them as a part of the record, it would seem that the plaintiffs were satisfied with their victory in having the pleas rejected, and that the defendants, Humphrey, Tutt & Terry, acquiesced in the action of the court in sustaining the plaintiffs' objections to the pleas. As the pleas are not a part of the record, we cannot know what they were, and cannot take them into consideration ; nor can we give consideration to the mere *dictum* of the circuit court as to what we could adjudicate *in futuro*.

Up to this point we are still confronted, so far as the pleadings in this cause are presented, with the power of the established rule that inhibited the court from decreeing against Smith, Brown and the other co-defendants, in favor of Humphrey, Tutt & Terry, namely, that, as the plaintiffs by their bill show no cause of action against the defendants, Smith, Brown and the others named with them, or either of them, therefore Humphrey, Tutt & Terry, can have no decree over in this

Syllabus 1.

suit against said defendants; and the plaintiffs certainly have no right to ask it. But it is urged that the answer of Humphrey, Tutt & Terry furnishes aid to the bill in that respect. That answer states, among other things, that Lewis Ruffner "represented one B. H. Smith, as being a prominent and wealthy member of said firm, and as individually possessing about sixty thousand dollars ($60,000.00) and for the most part free from debt. And said defendants charge that said B. H. Smith, is and was at that time a member of said firm of Ruffner, Donnally & Co., and a necessary party to this suit. Said L. Ruffner represented one Brown to be of large wealth, and also a member of said firm of Ruffner, Donnally & Co., and defendants charge that he, said Brown, is a necessary party to this suit."

This answer was filed immediately upon the rejection of the pleas, August, 18, 1859; but at that time their answer could not be used, as now under our statute, as a cross-bill. Then at that time the allegation of the answer as to Brown and Smith's co-partnership was of no effect: it did not tender an issue between Humphrey, Tutt & Terry, and their co-defendants, Brown and Smith; they could neither answer nor deny the charge, as chancery pleadings do not recognize an answer by one defendant to the answer of another defendant, and of course they could not take proof upon such an allegation to defend themselves against the charge. *Hubbard* v. *Goodwin*, 3 Leigh 492; *Bank* v. *Craig*, 6 Leigh 399; *Talbot* v. *McGhee*, 4 T. B. Mon. 375.; *Glenn* v. *Clarke*, 21 Gratt. 35.

As was said in argument, the bill makes no charge against them on which any decree could be entered against them in favor of plaintiffs, or any other defendants; this suit pending nineteen years, and now the second time in the Court of Appeals, the plaintiffs on two occasions successfully resisting the efforts of Humphrey, Tutt & Terry and others, to make those defendants plaintiffs, and partners by amending their bill, and

subsequently the plaintiffs up to this time, with full
knowledge of all the facts, declining to amend their bill,
or even asking to do so, and there being no obscurity in
the bill, or pleadings, to prevent a final decree in full
accord with the pleadings of all the parties, under these
circumstances it surely could not be error, of which the
appellants can complain, that the bill as to Paul, Smith,
Brown and others, was dismissed on their own motion.
Therefore, as the pleadings have not put in issue the
question of partnership as to those defendants, Smith,
Brown and others designated, it is not necessary to con-
sider in this case the evidence of the existence of such
a partnership as alluded to in argument.

Syllabus 2.

The second assignment of error is: that the decree     Syllabus 6.
aggregates the principal debt supposed to be due from
Ruffner, Donnally & Co., to Humphrey, Tutt & Terry,
with the interest accrued thereon to the date of the
decree, and decrees future interest on said aggregated
sum.  It is argued, that the contract, under which the
liability for which the decree was rendered, was made
before the law changing the mode of computing interest
was enacted; that it compounds interest, and to that
extent it impairs and changes the original contract.

In the case of *Fleming, adm'r* v. *Holt et al.*, 12 W. Va.
143, the same question was presented, and this Court
held that the law referred to, the 16th section of chapter
131 of Code of West Virginia, did not violate the pro-
vision of the Constitution of the United States prohib-
iting any State to pass a law impairing the obligation of
contracts.  The question is therefore *res judicata*, that
to aggregate the principal and interest of a debt to the
date of the decree, with interest thereon from that date
until paid, does not impair the obligation of contracts,
and is not unconstitutional.

The third assignment of error is: that it was error to
abate the suit as to the dead partners of the firm of
Ruffner, Donnally & Co.; that the suit should have been
revived against their personal representatives, and decrees

1879
Special Term.
———
Ruffner,
Donnally & Co.
v.
Hewitt, Kerchi-
val & Co. *et al.*

Syllabus 7.

should have also been against them, and their estates should have been made to bear their proper proportions of the burdens of the decree.

By section 2, chapter 127, Code, page 610, it is declared, that where a party dies "in any stage of a cause, whether it be in a court of original or appellate jurisdiction, if it occur as to any of several plaintiffs or defendants, the suit may proceed for or against the others, if the cause of suit survive to or against them." The plaintiffs having sued as partners for a settlement of their dealings with certain of their factors and agents it is plain the cause of suit survives both to and against them; hence, under the statute, as some of the plaintiffs had died, the court might rightfully let the suit abate as to them, and as a balance was found in favor of the defendants, Humphrey, Tutt & Terry, against the survivors of Ruffner, Donnally & Co. the plaintiffs, it was not error that the decree was rendered against them for the amount found due from them.

The decree of the circuit court should be affirmed, with costs and damages according to law.

THE OTHER JUDGES CONCURRED.

DECREE AFFIRMED.