# CHARLESTON.

## EDWARDS *v.* HALE.

Submitted June 10, 1892.—Decided December 3, 1892.

LEASE.
> If tenant for life or years take a new lease of the reversioner of the same premises let in the former lease, it is a surrender in law of the first lease.

*W. W. Brannon* for plaintiff in error:

I.—*Burden on party asserting surrender to prove it.*—7 Rob. Prac. 872, note 165; 86 Am. Dec. 394.

II.—*Court leans to construction in favor of tenancy from year to year.*—1 Lom. Dig. p. 192 and note 3; 2 Bl. Com. (Book 2) 146 and note 11.

III.—*Irrelevant instructions.*—10 Gratt. 13; 11 Gratt. 587; 31 W. Va. 683; 10 Gratt. 236; 26 Gratt. 594; 1 Bart. L. Pr. (2 Ed.) 656 and note 5.

IV.—*Mere agreement for increase of rent not a surrender.*—2 Ad. Con. § 724; 1 C. & K. 307; 5 Q. B. 841; 7 Exch. 319; 2 Am. St. R. 365.

V.—*Parol testimony not sufficient.*—76 Am. Dec. 233, and cases cited.

VI.—*Such tenant entitled to notice.*—Code, c. 93, s. 5; 20 W. Va. 46.

VII.—*Surrender of Lease.*—Gear on L. & T. § 192; 30 N. Y. 453; 1 Daly, 371; 86 Am. Dec. 394.

VIII.—*Tenancy from year to year.*—2 Min. 173 and cases cited; 20 W. Va. 46; Gear on L. & T. § 31, note 4.

IX.— *Variance of proof from pleading.*—1 Greenl. Ev. § 51.

*Thomas Hunton,* for defendant in error cited Code (1891) c. 130, s. 23; 11 W. Va. 133; 27 W. Va. 21; 29 W. Va. 224, 270; 2 Bar. Ch'y Pr. 749; 21 W. Va. 712, 756; 24 W. Va. 752; 1 Greenl. Ev. §§ 2, 49, 160; 2 Min. Inst. 792; 1 Par. Cont. 428, § 4; 2 Th. Co. Lit. 554, 555; 6 Law. Rig.

Rem. & Pr. § 2865 ; 5 Law. Rig. Rem. & Pr. § 2570 ; 8 W. Va. 308; 25 W. Va. 407, 408; 31 W. Va. 370.

BRANNON, JUDGE:

T. A. Edwards brought before a justice in Lewis county an action of unlawful detainer against P. M. Hale to recover a house and lot in Weston; and, judgment having been rendered by the Circuit Court upon an appeal against Hale, he brings the case here.

The defendant relied upon the fact that he was a tenant from year to year, and could not be required to give up possession without notice to quit. The certificate of facts shows that in 1861, P. M. Hale and J. G. Vandervort leased from R. P. Camden the ground in controversy at six dollars annual ground-rent, the lease being in writing but afterwards lost; that the term was for no definite time, but until Camden should desire to sell or build on the ground ; that Hale and Vandervort were to be allowed to build thereon, with the privilege of removing any building erected by them ; that they built a small house, still standing, and afterwards, when Hale came into possession, he placed another small building in rear of the first; that Hale and Vandervort occupied it for a time ; that then Vandervort occupied it till January, 1886 ; that ground-rent was paid to Camden till 1862, then to Edwards till 1886 ; that then Vandervort surrendered possession to Hale notifying Edwards that he must afterwards look to Hale for rent; that Hale took possession, and remained therein up to this suit.

Upon the trial the plaintiff gave in evidence the following instrument, against the defendant's objection :

"On or before the 1st day of January, 1889, I promise to pay to Thos. A Edwards the sum of twenty-five dollars, for rent of beef shop on Main street from January 1, 1888, to January 1, 1889.

"Given under my hand this 17th day of May, 1888.

P. M. HALE."

It is said not to be such an agreement as is described in the summons, which describes the property as property rented and leased by T. A. Edwards to the said P. M. Hale by an agreement in writing executed by the said Hale on the 17th day of May, 1888.

I see no variance, especially under the liberality of pleadings in justices' courts. It is used here as descriptive of the property unlawfully withheld. But view it in any light—taken alone, as the basis of plaintiff's case it was admissible. It admits a lease by Edwards to Hale of the property by some other written or oral agreement ; in fact, it is pleaded according to its own legal effect, for it is an agreement by Hale to rent the property, and pay for it for a certain term. Hale signed it, and it is his agreement. Not merely so, it is his agreement with Edwards. Edwards by accepting can not deny the lease, though he did not sign it. See cases cited in *Roberts* v. *Coleman, supra* p.— (16 S. E. Rep. 482).

Defendant asked three instructions, based on the hypothesis that Hale was a tenant from year to year, but the court refused them in the form in which they were asked, but gave two in lieu of them, embodying the same hypothesis, recognizing that, if Hale was tenant from year to year, notice to terminate the tenancy was necessary, but adding the words, "but said tenancy may be terminated by a new contract ;" and it is that addition that is complained of. It is complained of because it is said to be irrelevant for want of evidence tending to show any new contract such as would end the tenancy from year to year. This requires us to consider whether the note above copied tends to show a new contract. Is it an admissible item of evidence, bearing upon the question of fact left by the instruction to the jury ?

It may be said that while, if there were other evidence going to show a new contract, this note would come in properly as, an item of evidence, yet there was in fact no other such evidence ; and, as the effect of the note is a question of law for the court, not for the jury, the addition to the instruction was in any view, though correct as a proposition of law, a mere abstract proposition, irrelevant, because based on no evidence. As the court overruled a motion for a new trial based on the ground that the verdict for the plaintiff was without sufficient evidence, we must consider this instrument, not merely as an item of evidence, but as to its full legal effect upon the question ;

that is, whether it, *per se*, shows such a new contract as will end the tenancy from year to year. Taken alone, discarding the fact that a tenancy from year to year existed between these parties when it was made, it does show a lease for a specific term by Edwards to Hale. Hale could not in its face deny that he became Edwards's tenant in that property for a certain 'term, yielding certain rent. But as a tenancy from year to year existed at the time, the question is, did it supplant that tenancy?

Roberts, Frauds, p. 254, states the law thus: "A surrender in law of a lease in possession is implied in the acceptance of a new lease from the reversioner; for, if the lessee accept a new lease from his lessor, he admits and affirms his lessor's ability to make such new lease, which could not be done by him if the old lease stood in his way." Same doctrine in Wood, Landl. & Ten. § 492; 2 Tayl. Landl. & Ten. § 512; 2 Lomax, Dig. 105. "Where, pending a lease, a second lease is made, containing stipulations inconsistent with the former lease, the latter shall prevail; the presumption being that a surrender of the old one was intended." Wood, Landl. & Ten. § 492.

In this case the old lease called for merely a ground rent of six dollars; this calls for twenty five dollars. But it may be said the latter sum is for the beef shop. I interpret the statement in the note that the rent is for the beef shop to be only a description of the property, ground and buildings; otherwise there would be two rents—ground rent and rent for beef shop. We can hardly think this was the understanding of the parties. Then, too, was Hale paying rent for his own house? The old lease gave him right to build and remove it. That he agreed to pay rent on it is inconsistant with the idea that the old lease was to continue, and strongly imports that a new arrangement had been made.

If the note were given, as Hale states, merely to increase the rent, it would not be a surrender. 2 Add. Cont. p. 389, § 724; *Smith* v. *Kerr* (N. Y. App.) 15 N. E. Rep. 70. But the jury found against that contention. Edwards virtually denied it when he said the note was intended as a new contract, while Hale states that it was not. This is

mere opinion of the parties as to the contract. Edwards states no elements of the new contract, so I regard the case as turning upon the note.

But if we consider Edwards's statement as having any operation, there is conflict, and the verdict is with Edwards. No doubt Edwards designed by the note to put an end to the indefinite holding from year to year at so small a rental as six dollars, when at the time the property was worth, with the buildings, sixty dollars to seventy five dollars per year. It had been thirty years under the year to year holding for a very small rental, and we can well realize why Edwards might desire a new arrangement, and that he demanded one, and that it was acceded to. We may legitimately glean the intention of contracting parties by considering the circumstances surrounding them, placing ourselves amid the circumstances which may be fairly supposed to have moved them. 1 Greenl. Ev. § 288.

This disposes of all questions material to the decision of the case; and judgment is affirmed.

AFFIRMED.

---

# CHARLESTON.

