# CHARLESTON.

PARSONS *et al. v.* SMITH *et al.*

Submitted June 15, 1899—Decided November 11, 1899.

1. VENDOR AND VENDEE—*Abandonment of Contract—Equity.*
   If a vendor fails to make a good general warranty deed, free from all incumbrances, at the fixed time agreed upon for the consummation of the sale, because of such incumbrances the vendees have the right to abandon their purchase and cancel their contract; and, if the vendor refuses to place them in *statu quo*, they may apply to a court of equity for relief. (p. 731).

2. CO-DEFENDANTS—*Equitable Relief.*
   There should be no relief given between co-defendants when there is neither pleading nor prayer justifying the same. (p. 731.)

Appeal from Circuit Court, Randolph County.
Bill by A. B. Parsons and W. B. Maxwell against F. W. Smith and others. Decree for plaintiffs and for defendant Hutton against defendant Smith, and defendant Leonard appeals.

*Modified.*

C. WOOD DAILEY and STRADER & STRADER, for appellant.
PARSONS & TALBOTT, for appellees.

Dent, President.

A. B. Parsons and W. B. Maxwell filed their original
and amended bills in the circuit court of Randolph County,
alleging that, together with defendant Elihu Hutton, on
or about the 11th day of October, 1892, they entered into
a contract with defendant F. W. Smith for the purchase
of a tract of two hundred and thirty-four acres of land sit-
uated in Mingo district, on Point Mountain, Randolph
County, at the price of one thousand dollars, of which
amount the plaintiff Maxwell paid fifty dollars, and Elihu
Hutton fifty dollars, and the three purchasers executed
their note for nine hundred dollars, payable five years from
date, with interest payable annually; that said Smith was
to clear up all liens against the land, and at the following
term of court execute to them a general warranty deed,
and this he failed to do, but permitted the land to be sold
under a deed of trust given to secure George W. Leonard
in the sum of one thousand dollars; that owing to such
failure plaintiffs considered the contract at an end, and
refused to have anything further to do with it, and so noti-
fied both Smith and Leonard; that Leonard had since got
possession of the note; and on the 10th day of November,
1894, received a judgment before a justice for the sum of
one hundred and eleven dollars and fifty-one cents, interest
due thereon, and was pressing the collection of the same,
and also of the note; that Hutton and Smith were both
insolvent, and were conspiring together with Crawford to
compel plaintiffs to pay such note. And they prayed the
cancellation of the contract and note, and a perpetual in-
junction against the judgment. Neither Smith nor Hutton
answered the bills, but they were taken for confessed as to
them. Crawford, however, answered, alleging that Smith
made the sale to Hutton, and that the plaintiffs were mere-
ly sureties on Hutton's note, and not joint purchasers, as
they allege, and filed a written contract between Smith
and Hutton to this effect, and that Smith had complied with
such contract, and made Hutton a general warranty deed
in compliance therewith. Such deed for some reason was
withheld, and does not in any manner appear in the suit.
The evidence, taken as a whole, sustains plaintiff's con-
tentions that they were purchasers, and not sureties; that
they never received a deed for the property at the time

specified; that they then repudiated the contract and refused to have anything more to do with it; that they knew nothing of the written contract between Hutton and Smith and never authorized it, nor did they authorize Smith to make Hutton a deed for the property. This deed, if produced, might have thrown some light on the controversy, but it is withheld by the defendants, and none of them testify as to when it was really executed. Crawford—from the evidence, anxious to secure his own debt—appears to have prevented Smith from complying with his contract at the time it should have been, by enforcing sale under his deed of trust, instead of releasing the same, and then, after the plaintiffs by reason thereof had abandoned the contract, with notice to both himself and Smith, repented and undertook to fix the matter up by taking an assignment of plaintiffs' note and releasing his deed of trust and various judgment liens, and causing the deed to be made to Hutton. He claims the arrangement between Hutton and plaintiffs was a secret arrangement not known to himself or Smith. The evidence is to the contrary. Hutton, who was introduced by Crawford, testified that the arrangement was fully known to all parties; but why the written contract and deed were in his own name he does not remember, but he thinks Smith in all respects complied with his contract. The Leonard deed of trust appears not to have been released until the 12th of October, 1894, two years after the plaintiffs' contract of purchase, and which had been abandoned by them in January, 1893, because of the failure of Smith to comply therewith by freeing the property from all incumbrances, and making them a general warranty deed. The circuit court on a hearing of the case held for the plaintiffs, canceled their contract, directed that the nine hundred dollar note should be delivered up, and perpetually enjoined the judgment. It further gave a decree in favor of the plaintiffs and the defendant Hutton against the defendant Smith for the sum of one hundred dollars, with interest from the 11th of December, 1897. From this decree this appeal is taken. The objections to this decree are, in short: First, that it granted plaintiffs any relief; second, that it granted relief to defendant Hutton, who was not asking it; third, that it did not grant defendant Crawford relief, by canceling Smith's deed to Hutton and reinstating his deed of trust.

As to the first of these questions, the principles settled in the case of *Spencer* v. *Sandusky*, 46 W. Va. 582, (33 S. E. 221), must govern,—that a vendee for value, purchasing a good title, cannot be compelled to accept a litigous or clouded title. The plaintiffs show by their testimony, sustained by the circumstances, that defendant Smith was to make them a good general warranty deed, free from all incumbrances, by a certain, fixed time, when the sale was to be finally consummated, at which time defendant Smith was not in condition to, and could not, make such deed. They thereupon abandoned the purchase, and so notified Smith. Crawford replies to this the written contract between Hutton and Smith, to which the plaintiffs were not parties, and of which they were 'in no wise bound. There is some conflict of testimony, but this the circuit court resolved against the defendants, and there is nothing to justify this Court in reversing such holding. In matters of conjecture and doubt, involving disputed questions of fact, this Court will not disturb the rulings of the cirucit court, unless plainly erroneous.

The circuit court, however, should not have granted any relief to Hutton, who had not appealed in the case, and was not asking it, but should have reserved to his co-defendants any rights and remedies they might have against him.

But the court did not err in refusing to cancel the deed made to Hutton by virtue of the contract between Hutton and Smith. There was neither prayer nor pleading to this effect. *Harrison* v. *Brewster*, 38 W. Va. 294, (18 S. E. 568). The plaintiffs claimed a verbal contract of one kind, while the defendant Crawford claimed a written contract of a different. The court canceled the verbal contract, and, so far as it was concerned, placed the parties in *statu quo;* but it did not disturb the written contract, with which the plaintiffs had nothing to do. This is a matter between Smith, Crawford, and Hutton, none of whom were seeking relief in this case. The decree should therefore be amended in so far as it grants any relief to Hutton, reserving all rights and remedies between the defendants; and in all other respects it should be affirmed, at the costs of the appellant.

*Modified and Affirmed.*