## Richmond.

ADKINS v. EDWARDS.

MAY 5th, 1887.

1. CHANCERY PRACTICE— *Bill—Answer—Cross-bill—Relief.*—Where the transactions between the parties are numerous and cognate, and have not all been embraced in the bill, but are set up in the answer, the latter may be treated as a cross-bill and put them in issue, and relief in respect thereto may be granted by the court, so as to avoid multiplicity of suits. *Mettert* v. *Hagan*, 18 Gratt. 231.

2. IDEM—*Commissioner's report—Answer—Admissions—Case at bar.*— Where bill to enjoin sale under trust deed alleges that a certain debt was embraced in the trust deed, and the answer denies the allegation, though the answer on oath is waived, and the master's report sustains the denial, and is supported by the plaintiff's admissions elsewhere, the report should be confirmed.

3. IDEM—*Costs—Case at bar.*—Costs lie within the discretion of the court, and are properly awarded to the party substantially prevailing.

4. IDEM—*Account of liens—Sale*—As a general rule, an account of liens should be decreed and taken before a sale of the land is decreed. *Kendrick* v. *Whitney*, 28 Gratt. 646.

5. IDEM—*Vendor and Vendee—Conveyance—Warranty—Case at bar.*— Where vendor contracts to convey land to vendee with general warranty upon payment of the purchase money, it is error to decree conveyance with special warranty only upon such payment.

6. IDEM—*Injunction—Dissolution—Receiver—Case at bar.*—Code 1873, ch. 175, § 14, applies only to a pure bill of injunction, and not to a case where the bill prays for other relief besides the injunction; and pending the litigation for the subjection of the land to sale for the purchase money, it is not error to appoint a receiver to rent the land, and, if necessary, to collect the bond given by vendee for the rent, as was done in the case at bar. *Pulliam* v. *Winston*, 5 Leigh, 353.

Appeal from decree of circuit court of Pittsylvania county, rendered December 12th, 1884, in the consolidated

chancery causes of Whitmel T. Adkins against C. M. Edwards and J. H. Edwards, and of Edwards and al. against Adkins. Decree being adverse to Adkins, he appealed. Opinion states the case.

*John Gilmer* and *B. B. Munford*, for the appellant.

*Isaac H. Carrington* and *Peatross & Harris*, for the appellees.

RICHARDSON, J., delivered the opinion of the court.

This is an appeal from a decree rendered by the circuit court of Pittsylvania, on the twelfth of December, 1884, in the consolidated causes of Adkins against Edwards, and Edwards against Adkins.

It appears from the record that in 1876, the appellant, Adkins, purchased of one Robert A. McDowell a certain tract of land, situate in the said county, supposed to contain one hundred acres, for four hundred and fifty dollars. Of this sum Adkins paid in cash fifty dollars, and for the residue executed his two bonds, each for two hundred dollars, payable, respectively, on the first day of May, 1878, and the first day of May, 1879. Being unable, however, to meet the deferred payments as they fell due, he made an arrangement with the appellee, C. M. Edwards, to pay for the land, and to take a deed for the same from McDowell, with the understanding that if he (Adkins) should reimburse Edwards for the money paid by him in acquiring title to the land, on or before the first of January, 1887, the latter would convey the land with *general* warranty to him, Adkins. Edwards accordingly paid for the land and took a conveyance thereof to himself from McDowell, and thereupon entered into a written contract, under seal, with Adkins, the terms of which were, among other things, those above

mentioned. The sum paid by Edwards to McDowell as aforesaid was three hundred and fifty dollars; and it was stipulated that Adkins would pay to Edwards the sum of four hundred dollars for the land within the time agreed upon, and in the mean time he to remain in the possession ·of the land, paying forty dollars *per annum* rent therefor, until the purchase money should become due.

Subsequently, and at different times, Edwards advanced money and supplies to Adkins to enable the latter to farm the land, taking deeds of trust from time to time as security for such advances. These transactions extend over a period ·of several years, and it appears that in that time Adkins executed for the benefit of Edwards no less than six trust deeds, the first being dated the twenty-sixth of February, 1880, and the last on the twenty-fourth of October, 1881. The most of these deeds were executed on crops, growing or matured, and on personalty. The last of them conveyed in trust not only the crops on the land, but the land itself. And the debt therein secured not having been paid within the stipulated time, the land was advertised for sale by the trustee named in the deed.

Thereupon Adkins filed his bill in the said circuit court, in which he charged that the greater portion of the balance due by him to Edwards was made up of usurious interest and interest on capitalized interest. And the prayer of the bill was that the sale be enjoined; that an issue be made up and tried at the bar of the court, whether or no the transactions complained of were usurious, and if found to be usurious, that interest be abated accordingly. The injunction was awarded according to the prayer of the bill. Both Edwards and the trustee above referred to, who were made defendants to the bill, duly answered. They both denied the charge of usury, and averred that the debt due by Adkins for the land, to-wit: $400, remained wholly unpaid. They also denied that this debt was embraced in

any of the trust deeds aforesaid. And the answer of Edwards concluded with a prayer that the injunction be dissolved, and that such decree be entered as would enforce his rights in the premises.

In the progress of the cause an issue was made up and tried, as prayed for in the bill. The jury returned a verdict, finding that the allegation of usury in the bill was true; whereupon the cause was referred to a commissioner to take the necessary accounts, with instructions to eliminate from the accounts between the parties all unpaid interest.

The parties and their witnesses were convened before the commissioner, and much testimony was taken by him, after which he reported to the court that the debt of $400 due on the land by Adkins to Edwards had not been paid, and was not secured by deed of trust. To this report Adkins took several exceptions, the first of which was sustained, the others were overruled; the result of which was that the view of the commissioner in respect of the debt of $400 above mentioned was sustained.

In the progress of the suit of Adkins against Edwards, to-wit: on the third of March, 1883, the latter filed his bill in the same court, alleging that the former was in default of the payment of the purchase money for said land, though the time of payment had been extended two years from the time originally agreed upon; that no part of the purchase money had been paid, in consequence of which Adkins had forfeited all right and claim to the land. It was also alleged that Adkins, notwithstanding his rights had been forfeited as aforesaid, continued in possession of the land, and was committing waste thereon; and it was also alleged that Adkins was insolvent. And the prayer of the bill was for an injunction to restrain the further commission of waste, and for the appointment of a receiver.

Adkins, in his answer to the bill, averred that the debt due by him to Edwards on the land was secured by the deed of trust of the twenty-sixth of February, 1880, and that the same had been fully paid. He denied the allegation in the bill in respect to the commission of waste, and prayed that the injunction theretofore awarded against him be dissolved.

At the following (April) term of the court the injunction was dissolved, and the receiver, who had been appointed when the injunction was awarded with instructions to take possession of the land and to rent it out, was directed to surrender the bond to Adkins, which the latter had exe cuted to him for the rent of the land for the year 1883. At the next (November) term, 1883, a decree was entered consolidating the cause with that of Adkins against Edwards, and directing that the two causes be thereafter heard together. And by the same decree, Wm. J. Overby, sheriff of Pittsylvania county, who was appointed a receiver for the purpose, was directed to take from the defendant, Adkins, a bond with security for one hundred dollars for the rent of the land for the year 1884, or, in the event of default in the execution of such bond, to rent out the land at public auction for that year. The required bond, with approved security, was executed by Adkins, who continued in possession of the land.

At the November term, 1884, the two causes came on to be heard together, when the decree complained of was entered. By that decree, the balance due by Adkins to Edwards was ascertained to be $656.01, as of that date. And it was further decreed that unless the said sum, with interest thereon from the date of the decree till payment, and the costs of the suit of Adkins against Edwards, should be paid by Adkins to Edwards within thirty days from the rising of the court, then that the land be sold, &c. The decree also directed the said Overby to collect the rent bond

executed by Adkins for the year 1884, when the same should become due. And it was further decreed that in the event the said Adkins should pay the debt and costs aforesaid, without a sale of the land, that then the said Edwards should convey the said land to said Adkins with *special* warranty. Costs in the suit of Edwards against Adkins were decreed in favor Adkins. From this decree an appeal was allowed by one of the judges of this court.

The first assignment of error is, that the circuit court, in entering this decree, went beyond the limits of the case, as made by the pleadings, and consequently erred. It is contended that the sole object of the bill in Adkins against Edwards was to establish usury in respect of the transactions set forth in the bill, and to enjoin the sale of the land; and that if the debt due by Adkins to Edwards on the land was not embraced in the deed of trust under which the sale of the land was advertised, as was held by the circuit court, then that the sale ought to have been enjoined as prayed in the bill.

We are of opinion, however, that such is not the correct view. There were numerous transactions between the parties, covering a period of several years, all of which, according to the allegations of the bill, were tainted with usury. The defendants were summoned to answer the bill, and did answer it, and prayed, in effect, that all the matters in controversy between the parties mentioned in the bill be investigated and settled, and that a decree be entered to enforce the rights of said Edwards. The answer of Edwards may, therefore, be treated, and doubtless was treated in the court below, as a cross-bill, which puts directly in issue all of those matters. And although the commissioner to whom the cause was referred reported, and the court decreed, that the land debt was not embraced in any of the deeds of trust executed by Adkins to secure Edwards, yet it appears from the contract between the

parties, exhibited with the bill, that Edwards, to whom the land had been conveyed, and in whom the legal title was vested, was entitled to subject the land to the payment of the purchase money due under the contract, the circuit court, having all the parties before it, and with a view to putting an end to litigation, very properly proceeded to ascertain the rights of the parties, and to enforce them. See *Mettert's Adm'r* v. *Hagan,* 18 Gratt. 231; *Kendrick* v. *Whitney,* 28 Gratt. 646; *Cralle* v. *Cralle,* 79 Va. 182. In *Kendrick* v. *Whitney,* the court said that the disposition of courts of equity is to regard substance rather than mere form, and so to mould the pleadings as to attain the real justice of the case. Accordingly, a motion founded upon a written notice signed by counsel, and containing all the requisites of a petition for a rehearing, was treated in that case as a petition for rehearing, and effect given to it as such. These are familiar principles, applied in the every-day practice of courts of equity, and no elaboration is necessary to enforce them in the present case.

We proceed, therefore, to the consideration of other objections to the decree made by the appellant. He contends that the circuit court erred in confirming the report of the commissioner in respect to the debt of $400, alleged to be due by him to Edwards on the land.

Upon this point the evidence is conflicting; but the action of the commissioner is undoubtedly in accordance with the weight of the evidence. The bill of Adkins alleges that the debt was embraced in the deed of trust of February 26th, 1880, and had been fully paid; both of which propositions are flatly denied in the answers; and these denials, so far from being overcome by the evidence, are sustained by the admissions of the plaintiff himself. At all events, the evidence shows conclusively that long after the date at which it is now claimed by the appellant that the debt had been paid, he admitted the contrary.

Thus, it appears from the testimony of several witnesses that in December, 1882, upon the trial of an action at law, in the court below, in which Adkins was plaintiff and Edwards was defendant, the former was examined as a witness before the jury, and in answer to questions of counsel, repeatedly declared that he had not paid the whole or any part of the purchase money to Edwards for the land in question. And Edwards testifies to the same effect. It is unnecessary, however, to review the evidence, or to say more than that it sustains the action of the court in overruling the exceptions to the commissioner's report.

Nor did the court err in respect to the imposition of costs. In the case of Adkins against Edwards the defendant substantially prevailed, and was, therefore, rightly decreed to be entitled to costs; and so, for the same reason, costs were properly decreed the defendant in Edwards against Adkins.

There are, however, several objections to the decree which are insuperable, the first of which is that no account of liens on the land was ordered or taken before the land was decreed to be sold. There is no better settled rule of equity practice in the courts of this State than that which declares it to be premature and erroneous to decree a sale of land to satisfy incumbrances thereon before ascertaining the liens binding the land, and their amounts and priorities, respectively. The rule, and the reason upon which it is founded, has been clearly laid down by this court in numerous cases, too familiar to the profession to require citation. And the present case comes within this rule, for the land was properly treated by the court below as the property of Adkins, subject to an equitable lien thereon for the payment of the purchase money.

It was also error to direct a conveyance of the land by Edwards to Adkins with *special* warranty, in the event the balance ascertained to be due by the latter to the former should be paid within the prescribed time. This was not

in accordance with the contract between the parties, by which Edwards bound himself, upon the payment of the purchase money, to convey the the land with *general* warranty. And the circuit court ought to have decreed, in this particular, in conformity with the terms of the contract.

It only remains to say that the circuit court did not err in directing the collection of the rent bond for 1884. The appellant's contention on this point is, that the injunction in the suit of Edwards against Adkins having been dissolved, the bill ought to have been dismissed at the next term, no cause to the contrary having been shown. And in support of this contention, he relies on the statute which provides that when an injunction is wholly dissolved, the bill shall stand dismissed of course, with costs, unless sufficient cause be shown against such dismission, when the cause is in a circuit court, at the next term. Code 1873, ch. 175, § 14. But this statute applies only to a pure bill of injunction, and not to a case in which the bill prays for other relief besides the injunction, as in the present case, in which the prayer of the bill is not only for an injunction, but for the appointment of a receiver. *Pulliam* v. *Winston*, 5 Leigh, 353; 1 Bart. Ch. Pr. 464.

The causes having been consolidated, the case was a proper one for the appointment of a receiver. It was also proper to direct the land to be rented, and to require the rent bond executed by the appellant to be collected. The decree in this particular is not to the appellant's prejudice, for should any surplus remain after the decree complained of shall have been executed, it will be competent for the circuit court to enter such decree as will protect the rights of all parties.

We are therefore of opinion to reverse so much of the decree as we have shown to be erroneous, and in other respects to affirm the same.

DECREE REVERSED IN PART AND AFFIRMED IN PART.