# CHARLESTON.

Harrison et al. v. Brewster.

Submitted June 19, 1893.—Decided November 22, 1893.

1. Decree—Pleadings.

　Where the pleadings contain no proper prayer therefor, it is error to decree affirmative relief. *Middleton* v. *Selby*, 19 W. Va. 168.

W. E. Chilton, Okey Johnson and A. Mathews for appellant:

I.—*Defendants should have sought relief by filing a cross-bill or an answer in the nature of a cross-bill.*—Code, c. 125, s. 35, 57; 14 W. Va. 638; 23 W. Va. 760; 6 W. Va. 168; 10 W. Va. 35; 11 W. Va. 337; 17 W. Va. 901.

　*He must pray for the relief in the answer.*—19 W. Va. 168; Id. 201; 21 W. Va. 234.

　*No special replication allowed unless there is prayer for affirmative relief.*—28 W. Va. 113; 33 W. Va. 600.

II.—*Parol contract for sale of land, which court will enforce must be not only fair in its terms but must also be certain in its description of the property and of the estate conveyed.*—20 W. Va. 415; 24 W. Va. 763; 31 W. Va. 510.

　*Terms of contract must be clearly proved and there must be a sufficient part performance to show that if contract were not enforced fraud and injustice would result.*—95 U. S. 444.

Dent, Judge:

At the August rules, 1889, William Harrison, plaintiff, instituted his suit in chancery in the Circuit Court of McDowell county against the heirs of Henry Harrison, deceased, and others, asking for the partition of certain lands among those entitled thereto.

The bill concedes that R. C. Brewster, one of the defend-

ants, is entitled to one eighth of the land sought to be partitioned. R. C. Brewster files his answer admitting the allegations of the bill, and setting out more fully his one eighth interest joins in the prayer for the partition. Publication is taken against certain non-resident defendants, and at the October term, 1890, the Circuit Court hears the cause and appoint commissioners to make the partition. January 22, 1890, the commissioners make their report. To this report J. G. Watts, H. Newberry, William Bandy and wife, and William A. Whitley and wife except, for the reason that they deny that R. C. Brewster has interest therein. At the May term, 1890, Watts and Newberry file their petition as non-residents under section 25, c. 106, of the Code, praying that the decree of October 9, 1889, be set aside and annulled, and that they be permitted to defend. A decree is entered setting aside and annulling the decree of October 9th, and the parties are permitted to file their answer, to which the plaintiff replied generally, and leave was granted them to file a special replication to the answer of R. C. Brewster, to which he rejoined generally, and the cause was continued.

On the next day, for some reason that does not specifically appear, this last decree is set aside, and a new decree is entered, allowing the same parties to make defence, filing their answer, and granting them leave to file their special reply, in writing, to the answer of R. C. Brewster, to which he rejoins generally. R. C. Brewster endorses an exception on the answer of Watts and others, which exception is not noticed in any of the orders or decrees. The record also contains a special rejoinder to the replication of Watts and others, with an exception indorsed thereon. not noticed in any of the orders or decrees.

In this state of the pleading, both R. C. Brewster and the other defendants took depositions ; and on the 12th day of October, 1891, the Court heard the case on the pleadings, demurrers and depositions, and decreed that R. C. Brewster had no interest in the lands, and therefore refused to allow him any part or parcel thereof, and further decreed "that the portion of land allotted to R. C. Brewster belongs to the heirs at law of Henry Harrison, deceased, and to the

assignees of said heirs," and adjudged costs against said Brewster. From this decree, Brewster, the appellant, appeals and assigns as error improper pleadings and erroneous decree entered thereon.

The decree of partition being interlocutory and on bill taken for confessed, it was not necessary for the non-residents to file their petition asking permission to make defence, as they had the right to appear and file their answers at any time before final decree. Code, c. 125, § 53. This was, however, harmless error, and appellant is not prejudiced thereby. The answer filed by the non-residents sets up matters for affirmative relief, but does not pray for the same; hence it does not matter whether the affirmative allegations are sufficient or not; no relief can be granted, as the prayer is wanting. *Middleton* v. *Selby*, 19 W. Va. 168.

The answer of R. C. Brewster, while it unites in the prayer of the bill, is not in the nature of a cross-bill setting up new matter as the foundation for affirmative relief; and the Court erroneously permitted the non-resident defendants to file a special replication thereto, as the answer contained no prayer for relief against them. Nor do the settled rules of practice, under the provisions of the Code, permit new matter for affirmative relief to be set out in a special replication with or without prayer to that effect. This can only be secured by an amended bill, a cross-bill, or an answer in the nature of a cross-bill. With this state of pleadings, without prayer, proper or improper the Court in its final decree grants affirmative relief to the heirs of Henry Harrison, deceased, and virtually decrees to them the interest of R. C. Brewster in the lands of his father, William Brewster, deceased. The pleadings are wholly insufficient to justify any such decree, according to the laws of this state and the decisions of this Court. *McMullan* v. *Eagan*, 21 W. Va. 234; *Alleman* v. *Kight*, 19 W. Va. 201; *Middleton* v. *Selby*, Id. 168; Code, c. 125, § 35.

The practice under the Code in relation to answers, crossbills, special and general replications has been so often passed upon by this Court, that it is nothing but a waste of time and labor to keep repeating what has heretofore been so well settled. Familiarity with repeated decisions and

statutory law might be of assistance to counsel and beneficial to their clients. This suggestion is without authority.

So far as the record shows, the Court has not yet passed upon the report of the commissioners appointed to make partition of the lands. The decree of October 12, 1891, is therefore reversed, and this cause is remanded for further proceedings in accordance with the principles of law and equity.

# CHARLESTON.

38  297
53  505
53  509
38  297
59  615
c 59  619
38    297
62    423
62    425

