## CHARLESTON.

· Goff v. Price *et al.*

Submitted September 9, 1896—Decided Nov. 21, 1896.

1. Equity Pleading—General Relief—Specific Relief.
   Where a bill asks certain specific relief, and contains no prayer for general relief, no other than such specific relief can be granted.

2. EQUITY PLEADING—GENERAL RELIEF—SPECIFIC RELIEF.

An answer, under section 35, chapter 125, Code, containing new matter for affirmative relief, praying certain relief, without prayer for general relief, will not warrant any relief not prayed for by it.

3. EQUITY PLEADING—EQUITY PRACTICE—GENERAL REPLICATION SPECIAL REPLICATION—ANSWER.

The general rule of chancery practice is that an answer to a bill can only pray for dismissal of the bill, and not for affirmative relief on new matter presented by it, that being a proper subject for a cross-bill; but, under our practice, there are certain exceptions to this, outside of answers under section 35, chapter 125, Code, and in such cases no special reply to such ordinary answer is necessary, and its matter is not taken for true under general replication. In such cases, relief may be given the defendant on such ordinary answer against the plaintiff, but not against a co-defendant. To affect him, resort must be had to a cross-bill, or an answer, under section 35, chapter 125, Code, in lieu of a cross-bill.

4. EQUITY PLEADING—NEW MATTER—ANSWER.

An answer, under section 35, chapter 125, Code, containing new matter constituting a claim for affirmative relief, may be taken for confessed as against the plaintiff, but not against another defendant, without service of process to reply to it.

5. EQUITY PLEADING—ANSWER—NEW MATTER.

Such an answer, after responding to the bill, must state the new matter for affirmative relief with the same particularity and certainty, under the principles of equity pleading, as is required in a formal cross-bill, stating a case for equitable relief touching the matter in question in the bill, and not one foreign to it, and must name persons interested in such new matter, and make them parties, by calling for process against them, and must contain prayer for relief as a cross-bill would in the case.

6. LIENS BY DEED—DEBTS SECURED BY DEED OF TRUST, etc.

A deed for land, retaining a lien for purchase money, or mortgage, or deed of trust, must in some way describe the debt, so as to identify it. Literal accuracy is not required. Substantial accuracy, reasonably describing, is sufficient. The description of the charge must be correct as far as it goes, so as to inform creditors and subsequent purchasers what amount is charged on the land, and must be full enough to direct attention to the sources of correct information, and be such a description of the debt as not to mislead or deceive as to its nature and amount.

C. H. SCOTT for appellants, cited 26 W. Va. 378, 379.

J. B. WARD and L. D. STRADER for appellees, cited Sto. Eq. Pl. §§ 389, etc.; Code, c. 125, s. 35.

Brannon, Judge:

A. A. Goff filed her bill in equity, setting up that E. E. Mouse and B. L. Mouse had conveyed land to Israel Price, taking for the purchase money five notes, retaining a lien for them, and that the Mouses had assigned one of them to the plaintiff, and she prayed for the sale of the land to pay her note. She made Price and the two Mouses parties. The Mouses did not appear. Price filed an answer, alleging that the Mouses had pretended to him that the title was good, but it was in fact subject to a large lien, affecting his title in favor of Good, and asking a recission of the deed from the Mouses to him, and a cancellation of the notes. A decree was entered canceling the deed and notes, and requiring the Mouses to pay Goff the amount of the note they had assigned to her on Price, by reason of their liability as assignors; and then the Mouses filed a bill of review, asking the reversal of that decree, which, upon demurrer, was dismissed, and the Mouses appeal.

Could there be a decree in favor of Goff against the Mouses, upon the pleadings as they are, under the liability of the Mouses as assignors to Goff upon the cancellation of the deed and note? Such decree could not rest on the bill. This bill prayed no such relief, but asked only a sale of the land to pay the note. Had it asked the sale, or, on failure of such relief, then alternative relief against the Mouses, such relief would, perhaps, be warranted. And, indeed, on the facts the bill does contain, if it contained a prayer for general relief, such decree might be entered, but not without such special or general prayer. *Vance Shoe Co.* v. *Haught,* 41 W. Va. 275 (23 S. E. 553). Next, take Price's answer. The decree is sought to be based on it. But the demand of Goff against the Mouses was not a right in favor of Price, to be enforced by him, by answer or otherwise as he was a stranger to the contract of assignment; and therefore, had he asked such a decree by a proper prayer in his answer, it ought not to have been granted. But this answer contains no such effectual special prayer. After stating Price's defense, this answer prays the cancellation of the deed and notes, then adding, "and that, instead of plaintiff's following respondent for the amount of the note, she should be

required to collect the same from his co-defendants." This does not ask a decree against the Mouses. We must not strain this clause to make Price ask what he had no right to ask. It only tells Goff to go against the Mouses. Now, an answer containing new matter calling for affirmative relief, whether against plaintiff or co-defendants, must have a prayer for such special relief. *Harrison* v. *Brewster*, 38 W. Va. 294 (18 S. E. 568); *Middleton* v. *Selby*, 19 W. Va. 167. Therefore, the decree can not stand on that answer as one under the statute.

Another question is whether the matter of this answer is to be regarded in its nature as calling for a special reply under Code, c. 125, s. 35; for it is contended that, as such reply is wanting, the matter of the answer is taken for confessed against both plaintiff and the defendants Mouse, under section 36. This matter is that the Mouses represented falsely to Price that the title to the land was good and free of incumbrance, whereas it was under a lien. It struck me, on first impression, that this was mere matter of defense, available by ordinary answer before this statute, even though such answer called for recission of the contract or deed; for surely that matter could be used as a defense by ordinary answer, and the further relief of recission would be a mere incident, and not necessarily make the answer one to require a reply. And a search has led me to the case of *Cunningham* v. *Hedrick*, 23 W. Va. 579, from which we may see that while such defense may be the subject of a cross bill, yet it could before the statute have been made by answer. And as, under that case, and *Foutty* v. *Poar*, 35 W. Va. 70 (12 S. E. 1096) and others, it is well settled that, where a defense could, under practice before that statute, be made by answer, no reply under the statute is necessary to an answer containing such matter, the allegations in Price's answer of the matters which are claimed to justify this decree could not be taken for confessed against the Mouses, even without a general replication, as a co-defendant can not put in a general replication, because the matter of an ordinary answer is not taken for true against him, and never was evidence against him. It is only an answer containing new matter calling for affirmative relief that is taken

for true, under the statute, against a co-defendant, if no special reply is filed. Another reason why no special reply was called for is that the answer contains no prayer for relief, and section 8 of syllabus in *Middleton* v. *Selby*, 19 W. Va. 167, says that in such case it is improper to file a special reply. Hence this basis for the decree fails.

As to giving relief on an answer, the rule of practice as laid down everywhere, apart from statute provision, is that an answer can only pray for dismissal of the bill, and not for affirmative relief, and that, if any relief further is asked, it must be done by cross-bills. 1 Enc. Pl. & Prac. 871. But this rule has often been departed from in Virginia, as shown in *Cunningham* v. *Hedrick, supra;* Bart. Ch. Prac. 304; 4 Minor, Inst. 1380; *Adkins* v. *Edwards*, 83 Va. 300 (2 S. E. 435); *Cralle* v. *Cralle*, 79 Va. 182; *Sayers* v. *Wall*, 26 Gratt. 354; *Tate* v. *Vance*, 27 Gratt. 571; *Scott* v. *Rowland*, 82 Va. 484 (4 S. E. 595). The true rule generally prevalent being that, for a defendant to obtain affirmative relief beyond dismissal of the bill, even against the plaintiff, he can only do so by cross-bill, there is stronger reason to say that one defendant can not have such relief against another defendant without such cross-bill; and I hardly think the Virginia cases, relaxing, in some instances, the general rule, would justify relief between defendants without cross-bill, unless it is proper as growing out of the pleading and proof between plaintiff and defendant. Thus the answer would justify the decree of cancellation as to Goff; but, even if Price could ask the decree against the Mouses, treating this answer as an ordinary answer, he could not ask that decree by such answer, but only by cross-bill under ordinary chancery practice, or a proper answer under the statute, and it is not, as above shown, good under the statute.

Upon this answer another question presents itself. Under section 35, chapter 125, Code, an answer containing such matter as calls for affirmative relief in favor of the party filing it is made the basis of relief, not only as between that defendant and the plaintiff, but as between that defendant and other defendants. Prior to this provision, relief could be decreed between co-defendants only when it was justified or called for by the pleading and proof between the plain-

tiff and defendant, in the absence of a cross-bill. *Burlew* v. *Quarrier*, 16 W. Va. 108; *Roots* v. *Salt Co.* 27 W. Va. 483. But this statute, when such an answer is filed, makes it, upon whatever proper matter it contains, the basis of decree between all the parties, thus treating it as a cross-bill. Of course, like a cross-bill, it must not introduce matter foreign to the case. *McMullen* v. *Eagan*, 21 W. Va. 233, point 5; *Radcliff* v. *Corrothers*, 33 W. Va. 682 (11 S. E. 228). Now, when such an answer is filed, must process to answer it be served before decree can be passed upon it? It takes the place of a cross-bill, and we all know that process must issue upon a cross-bill. As to the plaintiff, we may, with reason, dispense with process upon such an answer, because he is in court voluntarily, and he has called the defendant into court for the very purpose of having him answer, and he must be always in court to see his answer, and notice can not reasonably be demanded by him. But a defendant is brought into court unwilling, and is summoned to answer only the plaintiff's bill. Must he be always in court, watchful for the answer of every defendant? If he is not there, an answer may be filed, and, as in this case, on it a decree be rendered against him without notice. A basic principle of all law is that no man shall be deprived of property without due process of law, and no man shall be put under judgment or decree without notice. Notice of what? Notice merely of the suit to which he is made a party, or notice to answer that pleading containing the allegations against him on which alone the judgment or decree is predicated? To dispense with process is to say that, when he is cited to answer a bill of A., it is meant that he must look out, not only for the bill of A., but also the answer of B., because the statute allows B. to file an answer asking relief against him, and he is bound to know the law; being in court for one purpose, he is there for all purposes of the suit. The statute does, it is true, make such an answer the foundation for a decree against the plaintiff or any defendant, but is silent as to process. It is within the power of courts, in administering statutes, to adopt such practice or procedure as will attain the ends of justice, avoid surprise and give parties opportunity to answer charges seeking to

impose liability upon them. Where a statute allows a judicial proceeding to a man's prejudice, though it do not provide for notice, it is understood to intend it, as no judgment can be given under it without process and process is necessary. The statute does not dispense with notice. Bish. Writ. Law, §§ 25, 141. See *Evans* v. *Johnson,* 39 W. Va. 299, 302, 303 (19 S. E. 623).

In *Fletcher* v. *Holmes,* 25 Ind. 458, a statute authorized the court to determine all rights between the parties, and a party filed claim of lien as older than that of another lienor; and the court said, as the act did not prescribe a mode of procedure, and did not call for process, the rules of practice in courts of chancery ought to prevail, and as, under chancery practice, when a defendant sought relief against a co-defendant as to matters not apparent on the face of the original bill, he must file a cross-bill making parties such defendants as are necessary to the relief sought and process was necessary to bring them in, the decree giving priority of lien to the prejudice of a co-defendant without process was violative of the fundamental principle that a party shall not be bound by adversary proceedings without notice. In *Walker* v. *Byers,* 14 Ark. 246, the court said, and held, that a defendant can, in general, by his answer, pray only for dismissal of the bill; that "if he has any relief to pray for, he must do so by a bill of his own, or by answer in the nature of a cross-bill, under the statute, and if he seeks such relief against a co-defendant by this statutory means, he must, after answering the original bill, proceed to charge his co-defendant as he would by a regular cross-bill, and take steps to get his answer, because, otherwise, although it might be in the nature of a cross-bill as against the complainant, it would not be as against his co-defendant." No process against a complainant on a cross-bill is required in Arkansas. In *Joyce* v. *Whitney,* 57 Ind. 550, it was held that the complaint of one defendant against another, to establish his suretyship for the former and place first liability on him, is a proceeding original, though filed in a pending action, which can not be tried upon the summons issued by the plaintiff. This was not on a statute allowing an answer to operate as a cross-bill,

it is true; but it was under a statute providing that a surety might, on written complaint, cause the question of surety-ship to be tried at the trial of the cause, and it shows the necessity of process against the co-defendant, before render-ing him liable, though the statute did not require it in terms. The statute allowed the complaint to be filed in a pending action, to enable one defendant to have relief against another, as does our statute, and process was held necessary beyond that issued in the original action. In *Shelby* v. *Smith's Heirs*, 2 A. K. Marsh, 504, 514, where an answer was framed in the shape of a cross-bill, and prayed relief, the court said the co defendants "were not bound, as a complainant is, to take notice of such interrogations, and no process has been served upon them for that purpose, without which a decree can not be rendered against them." Our statute regards such an answer as a cross-bill, saying that it may allege new matter for affirmative relief "in the same manner and with like effect as if the same had been alleged in a cross-bill," and therefore we ought to apply to it the rules applicable to cross-bills, and surely process to answer a cross-bill is indispensable.

It will not do to say that, being in court for one purpose, the defendant is there for all possible purposes in the suit, for that would dispense with process to answer the new matter of an amended or supplemental bill; and it seems to me that it would be more plausible to dispense with pro-cess on an amended or supplemental bill than with process to a co-defendant upon an answer claiming relief against him, as the plaintiff has once summoned him to answer his cause, whereas the co-defendant assailing him has not. That late invaluable work, Encyclopedia of Pleading & Practice (volume 5, p. 628) speaking of answers filed under statutes like ours, having the function of cross-bills, says: "The rules governing answers filed as cross-bills, it is appre-hended, are practically the same as those governing or-dinary cross-bills"—and, proceeding to discuss the subject of cross-bills, says (what is to the point here): "In the ab-sence of statute providing otherwise, service of process on the defendants to a cross-bill, though parties to the original bill, and in court for all the purposes thereof, is necessary

to bring them into court on cross-bill." In our case of *Rust* v. *Rust*, 17 W. Va. 901, such an answer was regarded as open to demurrer, as to its affirmative matter, like a cross-bill. *Moore* v. *Wheeler*, 10 W. Va. 35, holds that the purpose of this statute was only to allow such answer in lieu of a cross-bill, and not make any other change in the practice as to pleadings in equity. It may be thence argued fairly that it did not intend to dispense with process upon it as required by the practice upon cross-bills. Other cases treat such answers as a cross-bill. *Kanawha Lodge* v. *Swann*, 37 W. Va. 176 (16 S. E. 462); *McMullen* v. *Eagan*, 21 W. Va. 234; *Middleton* v. *Selby*, 19 W. Va. 168; *Harrison* v. *Brewster*, 38 W. Va. 294 (18 S. E. 568). So I hold that such an answer can not, on new matter first introduced by it, be the basis of a decree against other defendants without process against them to reply to it. I do not think process necessary as to the plaintiff, as he has called for the answer and must notice all of its matter. It is true that our practice requires process against the plaintiff to answer a cross-bill; but the cross-bill is filed by his adversary as an attack upon him, and not, like an answer, in response to his own call for it. This distinction is recognized in the case, cited above, of *Walker* v. *Byers*, 14 Ark. 246. The practice in Arkansas not requiring process against the complainant to answer a cross-bill, it was not necessary, under the statute, to answer an answer, but was necessary as to a co-defendant. See *Hornor* v. *Hanks*, 22 Ark. 591. The decree against the Mouses, being based on new matter brought in by the answer, is a nullity as to them, for want of process, under the familiar rule that a judgment without process is null and void.

I have said this much touching practice under this statute, in view of its daily use and importance, and as I am under the impression that this holding as to the necessity of process upon such an answer may be counter to the prevalent opinion in the legal profession and the practice in the courts, though I am not certainly informed as to what is the practice in the various circuits. As connected with this subject, it may not be amiss to say that, as an answer containing new matter calling for affirmative relief is

in effect a cross-bill, with capacity to answer all the ends of a cross-bill, it ought to be as definite as a cross-bill. It must respond to the matter of the bill, and, having done this, it must, apart from that state the new matter on which affirmative relief is asked with the same particularity and certainty, under the rules of equity pleading, as if a formal cross-bill were filed, and must state a case for equitable relief touching the matter in question in the original bill, not a case foreign to it, and must name the persons connected with that matter, and interested in and to be affected by it, and must in some way call for process against them, except plaintiff, and must contain a prayer for the relief sought from the facts stated, as if a cross-bill. Our cases are to this effect. *McMullen* v. *Eagan*, 21 W. Va. 233, point 5; *Middleton* v. *Selby*, 19 W. Va. 168; *Harrison* v. *Brewster*, 38 W. Va. 294 (18 S. E. 568); *Purdy* v. *Henslee*, 97 Ill. 389; *McGuire* v. *Circuit Judge*, 69 Mich. 593 (37 N. W. 568). It may be well to add that the court may either award a rule against the co-defendants to reply to such answer—that is, make an order requiring them to be summoned to reply to such answer by a given date or within a given time—or send it to rules with direction to issue process summoning such co-defendants to reply to it and then proceed on it as on a cross-bill.

A question is made that no lien exists such as is set up as an incumbrance in Price's answer. The land conveyed by the Mouses to Price was fifty acres. The Mouses had acquired it from Good, they conveying to Good, in exchange for it, a tract of one hundred and sixteen and three-fourth acres, which had been conveyed to one of the Mouses by Stalnaker and wife. When Good conveyed to the Mouses the fifty acres, he recited that the consideration was the conveyance to him of one hundred and sixteen and three-fourth acres, conveyed by Stalnaker to E. E. Mouse on March 29, 1892, and he retained on the fifty acres a lien "to secure any payment due said Stalnaker on said land." And in Stalnaker's deed to the Mouses for the fifty acres, he fully described four deferred payments of purchase money, and recited that "the said Enoch E. Mouse has this day executed his four several notes for the said sums of money,

payable at the time above mentioned, and as a further sure-
ty for the payment of said sums of money a lien as herein-
after described." Now, I understand it is not meant that
the lien is not sufficiently retained in the deed from Good
to the Mouses. It does not give amount, but it refers to
the deed from Stalnaker to Mouse, and names the person
entitled to the lien, thus giving means of obtaining infor-
mation as to amount, and that is enough. A mortgage,
deed of trust, or deed of conveyance retaining a lien, must
in some way describe and identify the debt it is intended
to secure. Literal accuracy is not required. Substantial
accuracy, reasonably describing, is sufficient. The descrip-
tion must be correct as far as it goes, so as to inform other
creditors and subsequent purchasers what amount is charged
on the property, and it must be full enough to direct atten-
tion to the sources of correct information in regard to it,
and be such description of the debt as not to mislead or de-
cieve as to its nature or amount. I here refer to the case
of *Riggs* v. *Armstrong*, 23 W. Va. 760; *Bowen* v. *Ratcliff*, 140
Ind. 393 (39 N. E. 860) and 49 Am. St. Rep. 203 (lengthy
note) for full discussion of the requisite certainty in mort-
gages as to the debts secured. But it is contended that the
clause in the deed from Stalnaker to Mouses is ineffectual
to make a lien, because it promises to describe it later in
the deed, but does not. This is a mere omission, or, per-
haps, it was intended to say the lien was to be "on the land
hereinafter described." That clause, in and of itself, is an
ample lien, it speaks an intent to reserve a lien for certain
notes, specified in the deed, and necessarily it must have
been intended to impose the lien on the land conveyed.
No further description or retention of lien was necessary.
Of course, this is without prejudice to show the lien dis-
charged.

The court erred in dismissing the bill of review. As the
appeal asks reversal of the decree dismissing the bill of re-
view and the other decree too, we do not send the bill of re-
view back; but, as it is founded on error of law [ *Gillispie* v·
*Allen*, 37 W. Va. 675 (17 S. E. 184)] we reverse the decree
dismissing it, and so much of the decree it sought to re-
verse (that part decreeing in favor of Goff against the

Mouses) and remand the cause, with leave to plaintiff to file an amended bill, proper to assert her demand against the Mouses by reason of the assignment, or, if she prefer, dismiss this suit, and seek relief at law, without prejudice from such dismissal.