# CHARLESTON.

## NORFOLK AND WESTERN RAILROAD COMPANY *v.* JAMES W. McGARRY AND OTHERS.

Submitted January 24, 1903.    Decided March 28, 1903.

1. BILL—*Agreement—Contract.*

   Plaintiff, in its bill, alleges an agreement, and demands specific performance. Defendant sets up in his answer, a reservation, in the contract, and proves that the contract alleged, together with the reservation, is the original and true agreement made by the parties. *Held:* The court will compel specific performance of the contract as thus established by defendant. (p. 558).

2. DEAD—*Contract—Right of Way—Reservation.*

   Plaintiff's predecessor, the S. V. R. R. Co., made a verbal contract with J. B. McG. for a right of way for its railroad through the land of the latter. J. B. McG. died intestate without executing a deed for the right of way. His land, by descent and purchase, was acquired by J. W. McG. Plaintiff afterwards filed its bill against J. W. McG. and others, the then owners of the land, alleging the contract of 'its predecessor for the right of way; its full compliance with all of the terms thereof; its ownership of the right of way; and demand the speciflic performance of said contract; and a deed for said right of way, without reservation. Defendant set up' in his answer that J. B. McG. had executed and delivered· to the plaintiff's predecessor company, a deed for the right of way, but with a reservation therein of an undergrade crossing across said right of way. Defendant failed to establish the execution and delivery of said deed as claimed by him; but the facts and circumstances of the case satisfactorily prove the said reservation to be a part of the original and true agreement between the parties, for the right of way. *Held:.* The contract alleged in the bill subject to the reservation as established by the proof, will be especially enforced. (p. 559).

Appeal and *supersedeas* from the Circuit Court, Jefferson County.

Action by Norfolk & Western Railroad Company against James W. McGarry, *et als.* Judgment for defendant and plaintiff appeals.

*Reversed and Remanded.*

CLEON MOORE, MARSHALL McCORMICK and JOSEPH I. DORAN, for appellees.

FOREST W. BROWN, for appellants.

MILLER, JUDGE:

By the record in this cause, it appears that the appellee, the Norfolk and Western Railroad Company, is the immediate successor of the Shenandoah Valley Railroad Company, to whose rights of property and franchises, appellee, by purchase, in the year 1890, succeeded; that the Baltimore and Ohio Railroad runs east and west, and the said Norfolk and Western Railroad crosses it at Shenandoah Junction in Jefferson County, running north and south; that in the year 1878, one James B. McGarry, the uncle of appellant, James W. McGarry, owned in fee about one hundred and three acres of the "Neill" farm, lying immediately south of the line of the Baltimore and Ohio Railroad, and on both sides of the line of the Norfolk and Western Railroad; that in the year 1878, the Shenandoah Valley Railroad Company, purchased of said James B. McGarry, in fee simple, by verbal contract, a parcel of said "Neill" land for a right of way, commencing at the south side of the Baltimore and Ohio Railroad, and extending southward one thousand nine hundred and eighty-eight feet in length and sixty-six feet in width, being thirty-three feet on each side of the center line of the said right of way; that the said purchaser took possession of the said strip, or right of way, and built its railroad thereon; that it, and its said successor, have operated said railroad on and over said right of way, continuously since 1889; that the purchase money, six hundred dollars, for said right of way, had all been paid to said James B. McGarry; that he died intestate in 1889; and that the appellant, James W. McGarry, has since become the owner in fee, by descent and purchase, of said "Neill" land, subject to the ownership and rights of appellee therein.

It further appears, that the said Shenandoah Railroad Company, in order to effect its crossing over the Baltimore and Ohio Railroad track, built trestling with bents high enough, and of sufficient width, next to the south side of the Baltimore and Ohio Railroad, to make a wagon way undergrade crossing over

said right of way, and between the said bents; that one of those shapes, adjoining the side of the Baltimore and Ohio Railroad, was used by said James B. McGarry and others for a long time, as a wagon way undergrade crossing from one part of his said land to the other; and that afterwards, the appellee filled in this undergrade crossing, and obstructed appellant in his use of the same; thereupon said James W. McGarry brought an action of trespass against said Norfolk and Western Railroad Company, claiming the private right of way of such undergrade crossing, and demanding ten thousand dollars damages for the filling and obstruction of the same. The said Norfolk and Western Railroad Company then filed its bill in the circuit court of Jefferson County against said James W. McGarry and others, alleging the full compliance by it, and its predecessor, with the terms of said contract for the purchase of said right of way; that its predecessor purchased the said land of said James B. McGarry in fee simple, without condition or reservation of any description; and praying that said suit at law might be enjoined; and that said James W. McGarry and others, the then owners of said land, might be required to specifically perform said contract of sale of said land by conveying the legal title thereto to plaintiff. The injunction was granted to the said suit at law; said James W. McGarry and other defendants, answered the bill; certain depositions were taken and filed in the cause, and sundry proceedings were had therein; and on the 12th day of March, 1895, the said circuit court entered its decree, refusing specific performance as prayed for, and dissolving said injunction. From this decree, the plaintiff appealed, and this Court reversed said decree and remanded the cause to said circuit court. 42 W. Va. 402.

In order to have a correct understanding of the cause as now presented, it is deemed proper to refer at some length to the reasons of the court, as stated by JUDGE HOLT, for its reversal of said decree. The Court says: "James W. McGarry appeared and answered, admitting that the sale had been made for the sum of six hundred dollars, reduced to that amount in consideration of the reserving by the grantor and the making by the grantee of said undergrade right of way across the track; that the six hundred dollars had been paid, and the crossing, under a certain bent of the trestle had been made, and that the an-

cestor, James B. McGarry, deceased, had executed and delivered to the Shenandoah Valley Railway Company a deed for the said strip of land, excepting from said conveyance, and expressly reserving therein, the right of way mentioned above forever. And the defendant alleged that James B. McGarry had specifically performed his contract of sale, and that neither he nor his heirs at law set up any claim to or in any way disputed the right of the railroad company to said tract of land now occupied by them, save only the right of way expressly reserved in the deed; and by way of cross bill defendant alleged that Col. U. L. Boyce, a resident of Clarke County, Virginia, was then, and still is, vice president of the Shenandoah Railway Company, and is also a director in the Norfolk and Western Railroad Company, and acting for the Shenandoah Valley Company, made the contract of purchase of the strip of land in question; that he was fully authorized to complete the transaction, and on behalf of his company, the Shenandoah Valley Railroad Company, accepted said deed, and adds: 'Inasmuch as the said U. L. Boyce received said deed for and on behalf of the said Shenandoah Valley Railway Company, and inasmuch as the said U. L. Boyce is an officer in, and one of the company, designated by the corporate name of the Norfolk and Western Railroad Company, the plaintiff in this suit, and therefore in antagonistic relations to respondent so far as this record is concerned, respondent asks this Court to require the plaintiff to produce this deed thus traced into the possession of one of its officers, or to require said officer to account for it'—with the added prayer that the injunction be dissolved, and the bill dismissed. A general replication was entered and many depositions were taken. On the 28th day of November, 1894, the plaintiff tendered its special replication to defendant's answer by way of cross bill, and asked leave to file the same, but the court declined to permit the said replication to be filed."

The Court, on page 398, *Id.,* further says: "This decree, as far as it goes, seems to be right, because, there being only a general replication to the answer, and no special reply in writing to the allegation that defendant had executed a deed, reserving the right of way, constituting a claim for the affirmative relief prayed for, viz: the production of the deed, such allegation the statute imperatively required should be taken as true,

and no proof thereof could be required. This showed that the contract mentioned in the bill had already been specifically performed, with such reservation, and therefore the bill was properly dismissed. But the error, if any, was in refusing to permit the plaintiff to file such special reply tendered by him. * * * * *"

"Section 35 of chapter 125 of the Code gives the defendant the right to allege in his answer any new matter constituting a claim for affirmative relief in the same manner and with like effect as if the same had been alleged in a cross bill; and in such case, if the plaintiff or defendant against whom such relief is claimed, desire to controvert the relief prayed for in the answer, he shall file a special reply in writing, denying such allegations of the answer as he does not admit to be true, and stating any facts constituting a defense. See *Goff* v. *Price,* 42 W. Va. 384. This part of this answer was for discovery and production of the deed in aid of defendant's defense, and for its preservation as a muniment of title to the right of way. It alleged the existence of the deed and that it was in the possession of designated officer of the plaintiff corporation, and prayed that the plaintiff might be compelled to produce it or account for it. See *Yates* v. *Stuart,* 39 W. Va. 124. And the question in dispute, affirmed on the one side and denied on the other, was, had such a deed, or any deed, been executed. The special reply in writing denied that John B. McGarry had executed and delivered to the Shenandoah Valley Railroad Company, or to any one for it, a deed for the said land, and called for full proof of said allegation. * * * *"

In speaking of the evidence in the cause, the Court, on page 400, *Id.,* says: "The deed is not proved, and, not being proved, never did, and does not now, exist. The sale is a verbal one, but different from what the plaintiff claims. There was a condition or reservation of the right of way, with that important qualification, made out by testimony of what was said just about the time of the sale. Plaintiff's case is made out, for defendant admits that the purchase money was paid and possession taken by the plaintiff's vendor. The theory is that he (defendant) has successfully met the case made in the bill by refusing to examine Col. Boyce, the one to whom he says it was delivered,

any by refusing to let plaintiff answer that it has no such deed. * * *."

Then the court, referring to the decree appealed from, says: "Is it right to decree for the defendant on the theory that there is no such deed, when he stops short in his testimony at that point and refuses to examine Col. Boyce? What becomes of the legal as well as the natural presumption as against the defendant, that the deed burned was the deed in question, but that it contained no such reservation? If such deed could have been proved, and its contents, then plaintiff, by proper amendment of its bill, by paying the costs, etc., could have obtained the execution of a new deed, in substitution of the one destroyed, as a memorial and muniment of its title to this important strip of land. Defendant saw fit to put a formal crossbill in its answer, expressly praying relief therein. He permitted it to remain, and still refused to permit the plaintiff to file a special written reply thereto; and yet, when it comes to a final hearing, takes a decree that has no justification except the application of the imperative statute that, on the pleadings thus put into that condition, no proof of the existence and contents of the deed with its reservation should be required, but the same shall be taken as true, as alleged in the cross bill, notwithstanding the general replication, which was not at all inconsistent with the special reply, and, of course, could not have the same effect."

"Our conclusion is that such new matter constituted a claim for affirmative relief in this suit, because the production of the deed is relief necessary in aid of defendant's defense to the original bill; it is his only muniment of title to his private right of way; there was no other plain and adequate remedy for doing complete justice and settling all these matters of litigation raised by the pleadings between the parties.

"If the plaintiff had failed or refused to file a special reply in writing to such part of the answer thus made a cross bill, the statute imperatively required the allegations to be taken as true, and that no proof thereof should be required. But plaintiff tendered and offered to file such special reply and the court refused to permit it to be filed."

In that state of the pleadings the circuit court was imperatively required to take the allegations of the answer to be true,

as to the execution and delivery of the deed; notwithstanding, in the language of the opinion, "the deed is not proved, and, not being proved, never did, and does not now, exist."

This Court, passing upon the case as then presented, held that the circuit court erred in refusing to permit said special reply in writing to be filed; and that, therefore, the decree dissolving the injunction, in the absence of the said special reply, should be reversed and the cause remanded. If the decree had been affirmed, its legal effect would have been, and would be, to establish the fact, by taking as true the allegations of said answer, of the execution and delivery of the deed by James B. McGarry to the railroad company with the reservation therein of the wagon way undergrade crossing over the said right of way, conveyed by said deed, without proof of such execution and delivery of said deed, and without giving the railroad company an opportunity to controvert that allegation in the only legal mode prescribed by law. In that status of the case, parol evidence could not have been received to show the character of the contract of sale.

On the 25th day of May, 1897, the plaintiff, by leave of the court, filed its special reply in writing theretofore tendered to the answers of the defendants in the nature of a cross bill; and on the 11th day of December, 1899, the defendant, James W. McGarry, filed an amendment to his said answer and cross bill, making U. L. Boyce, who had been vice president of the Shenandoah Valley Railway Company, and as claimed was then a director in the plaintiff company, a party defendant; and propounded to him therein, this interrogatory: "Was there not a deed executed and delivered from James B. McGarry to the Shenandoah Valley Railroad Company?" On February 18, 1901, said Boyce filed his answer to said amended cross bill and interrogatory, to which answer the said James W. McGarry excepted; because said Boyce failed to answer the said interrogatory propounded in the bill of discovery filed; and because said answer contained matter as to a crossing not asked for in the cross bill. Whereupon the court overruled the first, but sustained the second exception. The part of said answer to which an exception was overruled is, in substance, as follows: "This defendant was vice president of the Shenandoah Valley Railroad Company when the said company acquired its right

of way through the land of James B. McGarry, situated near Shenandoah Junction in the county of Jefferson, West Virginia; but the said Shenandoah Valley Railroad Company and all of its rights and privileges and franchises was sold at public sale to the Norfolk and Western Railroad Company, in September, 1890, and since that time, this defendant has had no connection with the said Shenandoah Valley Railroad Company. He was at one time, a director in the Norfolk and Western Railroad Company but has not been such director since the year 1894.

"And now proceeding to answer the said amended answer and cross bill and the interrogatories therein propounded, this defendant says: That he does not recollect the minutes of the proceedings of the said Shenandoah Valley Railroad Company, but he does recollect and now says that the said company acquired a right of way for the building of its road through the lands of the said James B. McGarry, and paid him for the said right of way from the proceeds of the sale of bonds put up by said company in the hands of W. H. Travers and Cleon Moore.

"He does not recollect whether a deed was made for the said right of way or not, nor does he recollect whether said deed was executed and delivered to this defendant by James B. McGarry, but he has been under the impression that such deed was executed; but this impression is because of the fact that this defendant was not in the habit of paying out money without taking proper vouchers, or paying for property without taking deeds; and therefore, he says that if such a deed was ever taken by him, it was delivered to the secretary of the Shenandoah Valley Railroad Company, who was the custodian of the papers of said company, or it may have been delivered to the finance committee of said company which was likewise custodian of some of its papers. This defendant does not know what has become of said deed if it was ever made, nor can he say whether it was a deed, or a contract showing that a deed would be made, if any such deed or contract was ever made."

The appellant also took and filed in the cause his own, and the deposition of J. F. Lancaster, which depositions prove admissions by Boyce, as vice president of the Shenandoah Valley Railroad Company, after he had ceased to be such officer, that the deed hereinbefore mentioned, had been executed by

James B. McGarry and delivered to him; and that it contained the reservation of the said undergrade crossing. These depositions were excepted to by the railroad company; which exceptions, on the final hearing of the cause, were, by the court, sustained, so far as the questions therein call for, and the answers thereto, give alleged declarations of Boyce as to that matter. This was not error because the evidence of Boyce could have been taken and read, if material.

These were the only additions to the record after the reversal of the decree. As then made up, the cause was again submitted to the court for final determination on the 27th day of May, 1902. Thereupon a decree was made and entered, finding, among other things, "that the evidence is not sufficient to establish the claim of the defendants, that a deed was made by James B. McGarry to the Shenandoah Valley Railroad Company to the right of way mentioned in the bill, and therefore the evidence is not sufficient to establish the further claim, that there was a *reservation in said alleged deed* of an underhead crossing over the right of way of said Shenandoah Valley Railroad Company; that the evidence established the purchase by the Shenandoah Valley Railroad Company of a right of way through the land of James B. McGarry, now owned by James W. McGarry, for a length of 1,988 feet, and a width of 66 feet, 33 feet from the center of the line on either side of said right of way; and that the said railroad company paid the agreed price for said right of way, took and has held continued possession thereof, and has otherwise executed the contract on its part. For these reasons the Shenandoah Valley Railroad Company was entitled to a deed of conveyance for said right of way without any reservation."

From this decree said James W. McGarry was allowed an appeal, and assigns various errors, all of which will be considered together.

Appellee contends that every question now raised by appellant upon this appeal, has been fully adjudicated by this Court on the former appeal; that, therefore, there is nothing to be determined upon this appeal; and that this appeal is in effect, a rehearing of the decree of this Court, pronounced on the 21st day of November, 1896. This proposition is untenable.

Parts of the opinion of JUDGE HOLT are incorporated herein

to show his reasons for reversing the former decree, which the Court did, without any saving or reservation; because *the pleadings in the case as then made up were insufficient,* the circuit court, having refused to permit the plaintiff to file a special reply in writing to the answers and cross bill of defendants. But appellant insists that, upon the former hearing, said special reply was in the record, and cites as evidence of that fact the recital in the decree entered on the 28th day of February, 1894: "This cause came on to be heard on this 28th day of February, 1894, upon process duly served on all of the defendants, upon the bill and exhibits therewith filed, upon the demurrer to the bill and joinder therein, upon the separate answer of James W. McGarry and the exhibits therewith filed, upon the joint and several answer of Jacob R. McGarry, John D. McGarry, Edmond D. McGarry, Anna E. Shaeffer, Emma Snyder, Esther Duke and Nancy McGarry, and general replication thereto. And also upon special replication thereto, denying the affirmative allegations of the said answer upon which relief is sought."

No such reply in writing, prior to the former appeal, appears on the record. As will be observed, JUDGE HOLT, in his opinion, speaks of the absence of the special reply from the record. On the 28th day of November, 1894, the record states that "the plaintiff tendered its special replication to the defendants' answers and asked leave to file the same. On consideration whereof, the court declined to permit the said special replication to be filed."

The only special reply found in the record is sworn to and subscribed by F. J. Kimball, president of plaintiff company, before Charles H. Bannare, notary public, on the 13th day of November, 1894, which was, on the 28th day of November, 1894, by the plaintiff, tendered in court as aforesaid, but permission to file the same was refused by the court. Therefore, this contention of the appellee is refuted by the record.

The conclusion of the circuit court "that the evidence is not sufficient to establish the claim of the defendants that a deed was made by James B. McGarry to the Shenandoah Valley Railroad Company to the right of way mentioned in the bill, and therefore that said evidence is not sufficient to establish the further claim that there was a *reservation in said alleged deed* of an under head

crossing over the right of way of said Shenandoah Valley Railroad Company," is justified by the record.

Using the language of JUDGE HOLT that "the sale is a verbal one, but different from what the plaintiff claims; that there was a condition or reservation of the right of way for the undergrade crossing, with that important qualification made out by the testimony of what was said just about the time of the sale is fully proved. Plaintiff's case is made out for defendant admits that the purchase money was paid and the possession taken by plaintiff's vendor."

But the answer of defendant, James W. McGarry alleges that "the said James B. McGarry has specifically performed his contract of sale with the Shenandoah Valley Railroad Company, and that neither he nor his heirs at law have set up any claim or in any way disputed the right of the railroad company to said tract of land now occupied by it, save only the right of way reserved expressly in the deed from the said McGarry to said railroad company, to which said railroad company has never had title or possession, either actual of constructive, and which has been used and enjoyed by said James B. McGarry for a period of more than ten years, continuously; and that from the time, to-wit: 1878, up to the date of his death in 1889, the said James B. McGarry was in the complete, continuous, notorious, adverse and uninterrupted possession of said right of way; and since his death, his heirs at law, and especially the respondents have enjoyed the same in the same manner until disturbed in said enjoyment by the Norfolk and Western Railroad Company within the first year."

It is clearly shown by the evidence that Boyce, vice-president of the Shenandoah Valley Railroad Company, during the time of the construction of the said railroad, through the land in controversy, admitted that James B. McGarry was to have the undergrade crossing, and that the matter had been "fixed"; that Boyce said to McGarry that the undergrade crossing should be put in by Cameron, the contractor, where McGarry wanted it; that afterwards, Cameron and McGarry located the crossing, and it was put in as McGarry wanted it; that no condemnation proceedings against McGarry to condemn said right of way were ever instituted by the railroad company; but that the compensation to McGarry for the right of way was ascertained and fixed by two arbitrators, chosen by the company and McGarry, at eight hun-

drcd dollars; that afterwards, this sum was reduced to six hundred dollars, in consideration that the company would put in the undcrgrade crossing; that McGarry afterwards received only six hundred dollars for the right of way; that a span of the trestling near the Baltimore and Ohio Railroad was built by the plaintiff company sixteen feet wide, from bent to bent, eleven feet high, and without any braces in the space thus left open; that this space was sufficiently large for the passage of wagons, with high loads thereon; that there were no other spans in said trestle work through which wagons could pass; that all of the other spans were so braced that a passage could not be made through the same; that McGarry, his tenants and others, used and enjoyed this undergrade crossing at will, without interruption or interference from the railroad company, from the time the trestle work was made, until the crossing was filled up, by the company; that streets had been laid out near the said crossing; that building lots had been sold and conveyed by McGarry with certain reservations in the deed; and buildings erected thereon, with reference to the continued use and enjoyment by the occupants of said lots of the undergrade crossing, without which they could not and cannot reach the county road or the railroad depot, at that point.

The plaintiff set up in its bill, a contract, clear and definite in terms; alleges full compliance therewith on its part, and demands specific execution thereof; the defendant asserts in his answer, a reservation in said contract, of the right to the undergrade crossing, and also that James B. McGarry executed and delivered to the railroad company a deed for the right of way, but expressly reserving on the face of said deed, the undergrade crossing forever. The defendant has failed to establish th execution and delivery of the deed as claimed by him; but the reservation as to the wagon way undergrade crossing is satisfactorily proved by the facts and circumstances of the case, to be a part of the contract for the sale of said land, made by James B. McGarry with plaintiff's predecessor company. The reservation, as shown by the testimony, is clear, definite, and unequivocal in all of its terms.

The contract alleged by plaintiff, thus varied and modified by the said reservation, which is a part thereof, constitutes the original and true agreement made by James B. McGarry and the

Shenandoah Valley Railroad Company, and must be specifically performed by the parties bound thereby, as thus ascertained and established. 1 Fost. Fed. Prac. (2d ed.), sec. 171; 2 Beach Mod. Eq. Jur., sec. 632; Story's Eq. Pl., (10th ed.), sec. 394; *Redfield* v. *Gleason,* 61 Vt. 220; Waterman on Spec. Per. of Con., sec. 291.

Therefore, the plaintiff is entitled to have the contract made by its predecessor company with James B. McGarry for the purchase of the said land, specifically performed by James W. McGarry, the present owner thereof, subject to the said reservation, proved and found to be a part of said contract; and to have a deed from said James W. McGarry, conveying to it, said land in fee, but reserving upon the face of said deed, to said James W McGarry, his heirs and assigns forever, the said private right of way undergrade crossing, over and across the said railroad's right of way, at the point where said undergrade crossing has been used and enjoyed by said James B. McGarry, and those who claim and hold under him.

For the reasons stated, the circuit court erred in its said decree, pronounced on the 27th day of May, 1902. The decree is, therefore, reversed, and the cause is remanded to the circuit court for further proceedings to be had therein, in accordance with this opinion, and the rules and principles governing courts of equity.

*Reversed and Remanded.*