AMERICA HENSLEY *v.* GROVER C. BROADWATER *et al.*

(No. 6778)

Submitted February 10, 1931. Decided February 17, 1931.

*Harper & Baker,* for appellant.

*Harold A. Ritz, Raymond Dodson,* and *B. J. Pettigrew,* for appellees.

HATCHER, JUDGE:

This is a suit for partition by sale of the oil and gas under a tract of 75 acres. The cause was submitted to the court on the bill and two separate answers with their exhibits, to which the plaintiff replied generally. The court dismissed the bill and granted certain affirmative relief to the defendants.

The answers alleged and the exhibits proved that one M. T. Ogden was a necessary party to the proceeding. The plaintiff failed to make him a party. This was error calling for reversal. *Green* v. *Coal Co.,* 109 W. Va. 446, and cases cited therein. An affirmative defense was alleged, and it was

asserted that a certain act should be done; but there was no prayer for affirmative relief. The granting of such relief was improper. *Goff* v. *Price,* 42 W. Va. 384. The court took the view that the allegations of affirmative defense required a special reply in writing. An affirmative defense is ordinarily met by an amended bill. *Gay* v. *Gibson,* 85 W. Va. 226. It is only when, in connection with an affirmative defense, affirmative relief is prayed for, that a special reply in writing is requisite. Code 1923, chapter 125, section 35; *Harrison* v. *Brewster,* 38 W. Va. 294. The court construed a deed merely upon certain allegations in the bill and answers, the deed not being filed as an exhibit. No reason appears why this deed or a copy thereof should not have been before the court. The construction made is not consistent with the plain language alleged. Therefore, it would seem advisable, upon a further hearing of the cause, that this instrument should be filed, so that it may appear whether the construction is warranted.

As the proceeding is reversed for lack of a proper party, we refrain from comment upon the merits of the cause.

*Reversed and remanded.*